UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02257

**Nunez Carcamo,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## MEMORANDUM OPINION AND ORDER

Boris Nunez Carcamo is a native and citizen of Honduras currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1226. He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing. Because his detention is lawful, Petitioner's habeas petition is denied.

## BACKGROUND

Petitioner entered the United States in November 2012 and was issued a C-1 visa that authorized him to remain in the United States for no more than 29 days as a crewman. *See* ECF No. 5 ("Resp."), Ex. C at 2. Petitioner never left the country as required by law. While here unlawfully, Petitioner has been arrested for driving while intoxicated three times, possession of a controlled substance, and assault causing bodily injury on a family member.

Upon release from county jail, Petitioner was taken into custody by federal law enforcement. He has been in federal immigration custody since July 31, 2026, and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas. On August 11, 2026, the Department of

Homeland Security ("DHS") issued Petitioner a Notice to Appear. *See* Resp., Ex. A.

On August 17, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and also noted that in reviewing this case, DHS "informed [counsel that] they filed a motion to dismiss the Notice to Appear because it was improvidently issued." Resp. at 1. The Court issued an order to clarify the status of the case. *See* ECF No. 6. Respondents responded, clarifying that on September 15, 2026, an immigration judge granted DHS's motion to terminate. *See* ECF No. 7, Ex. A. Respondents also noted that the Government intended to issue Petitioner a notice of referral that would place him in asylum-only proceedings. ECF No. 7; *see also* 8 C.F.R. § 252.2(b) (authorizing a hearing for asylum only).

The Court now addresses the petition.

## Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a

challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act (INA), and the Administrative Procedure Act. His arguments, however, fail.

Petitioner is not entitled to habeas relief because he has not exhausted his administrative remedies. Petitioner is detained pursuant to section 1226(a), meaning he is entitled to a bond hearing.[1] *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Petitioner alleges is entitled to release because he has not received

[1] Under the Immigration and Nationality Act, Petitioner is a "crewman" and a "nonimmigrant" that has not been "admitted." *See* 8 U.S.C. § 1101(a)(10), (13)(B), (15)(D)(i) (denoting a "crewman" to be "a person serving in any capacity on board a vessel or aircraft" and clarifying that—even if he was "permitted to land temporarily"—is not "admitted"); *Guerrero v. Nielsen*, 742 F. App'x 793, 796–97 (5th Cir. 2018) (discussing how the government's interpretation of "alien crewman" is functional and retrospective, as an "alien crewman" is "[a]ny alien who, on arrival in the United States, was serving in any capacity on board a vessel" (quoting 8 C.F.R. 245.1(b)(2))). And when Petitioner first entered the country, he entered solely as a transit crewman to join a vessel, making him an "alien crewman."

a bond hearing. But Petitioner has not requested a bond hearing. A person seeking habeas relief must first exhaust all available administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). This means that Petitioner must first request a bond hearing and then ask the Board of Immigration Appeals to review the asserted legal and factual errors with the Immigration Court's bond determination. *See generally* 8 C.F.R. §§ 1103.19, 1236.1. Such a request would not be futile since the holding in *Matter of Yajure Hurtado* did not address aliens held under section 1226(a). 29 I. & N. Dec. 216 (BIA 2025). But Petitioner has not done so.

Petitioner also argues that because he was previously allowed to enter at a port of entry, his "liberty" cannot be revoked without due process, and he was not given that process, so he is entitled to release. Not so. *See, e.g.*, *Diakite v. Frink*, No. 4:26-cv-02752, 2026 WL 1999868, *2 (S.D. Tex. May 27, 2026) (denying a habeas petition arguing improper detention following release under § 1226(a)). Respondents clarified that Petitioner is being detained under 8 U.S.C. § 1226. Section 1226(a) allows for the release of an alien on bond or conditional parole *or* his continued detention. *See* 8 U.S.C. § 1226(a)(1)(2). But as discussed, Petitioner has not alleged that he requested a bond hearing and was denied one. Thus, there is no procedural violation on which to premise a Due Process claim. After all, "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). "Illegal aliens are entitled to the process that Congress can give them, and nothing

more." *Id.* at *40 (Oldham, J. concurring).[2] Petitioner's due process claim thus fails.

Congress expressly authorized detention of an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth above and in this Court's decision in Part III of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), the Court denies the petition.

Finally, Petitioner objects to the improvidently issued Notice to Appear, and requests that he be released to "obtain legal representation and seek legal advice regarding the options available[.]" ECF No. 8 at 2. To the extent Petitioner's argument is construed as a request for compensation, it fails. The writ of habeas corpus exists to "grant relief from unlawful imprisonment or custody" and does not reach any claim for money damages. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "[I]t cannot be used properly for any other purpose." *Id.* at 936. The motion is denied.

[2] Petitioner mentions that he was arrested without any information as to why he was detained. Even if this was true, or unlawful, he would not be entitled to release because "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). "Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest." *Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026)).

* * *

The petition for writ of habeas corpus is denied. Petitioner's motion to submit amended arguments is also denied. ECF No. 8.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 17, 2026.*

ANDREW DAVIS
United States District Judge